TITUS, C. J.
The plaintiff’s cause of action is for goods sold to the defendants. In their complaint they allege that on the 18th day of December, 1898, they sold and delivered to the defendants/ whisky of the value of $110.25; that $74.45 has been paid, leaving a balance due the plaintiff’s of $35.80. The answer denies the indebtedness, and alleges payment. It appears from the evidence that the goods were sold to the defendants, as alleged in the complaint, by one Slater, acting for the plaintiff’s on commission; that Slater was owing the defendants $35.80, for liquor bought at defendants’ place from time to time. It is claimed that Mr. Elkan, one of the plaintiffs, told defendants that if Slater got a little hard up, and wanted anything, to let him have it, and they would see that it was paid. At this time Slater was owing the defendants, for liquor bought at their bar, about eighteen dollars. After that the whisky was ordered by the defendants from the plaintiffs’ house in Philadelphia, and, at the time the defendants claim to have paid the bill, Slater was owing them $35.80, for liquor bought from time to time at the defendants’ saloon. The defendants sent to the plaintiffs their check for $74.45, together with the bill of Slater’s account, making the sum $110.25. The plaintiffs applied this sum on their account, and wrote the defendants that they had credited their account with the sum of $74.45, and claimed a balance of thirty-five dollars still due. It also appears that the defendants trusted Slater individually, thinking he would pay it.
*590 This statement of facts is made up from the evidence offered by the defendants, and the judgment must be affirmed or reversed on this testimony, as the plaintiffs’ counsel now claims there was no evidence upon which a judgment for the defendants can be predicated. It is not claimed that the judgment can be sustained against the plaintiffs unless the transaction amounted to an accord and satisfaction. The agreement to pay Slater’s bill was void by the statute of frauds, and, under the excise law, no action can be maintained upon the bar bill of Slater either against himself or against these plaintiffs. Laws 1892, ch. 401, § 40. The only question, therefore, is, was there an accord and satisfaction? The doctrine of accord and satisfaction is well defined by the older cases. An accord is an agreement, consent, or concurrence of the minds and intentions of two or more individuals. It is an agreement between a party injuring and a party injured to make satisfaction-for the injury, which, when performed, is a bar to a recovery for the original claim. If A. is indebted to B. for an unliquidated amount, or is liable to him for any cause, and agrees to pay B. a specified sum, or to deliver to him some ascertained thing which B. agrees to accept in satisfaction of his demand, this is an accord; and, if the promise is performed by delivering and accepting of the thing agreed, this is a satisfaction, and bars action for the original cause. There must be an agreement between the parties, and acceptance by the one in whose favor the cause of action exists of the thing agreed to be delivered. The principle is that the party who has a legal right of action against another may accept of some other thing in discharge of his claim or demand ; and the agreement to deliver is the accord, and the acceptance thereof is a satisfaction. I have stated this rule in the language of various legal writers, for the purpose of showing the uniform understanding of it by the courts,—that there must not only be a tender of the thing agreed upon, but an acceptance; otherwise, there will be no accord and satisfaction. Anderson v. Turnpike Co., 16 Johns. 86; Booth v. Smith, 3 Wend. 66; Russell v. Lytle, 6 id. 390; Hawley v. Foote, 19 id. 516; Bank v. De-Grauw, 23 id. 342; Tilton v. Alcott, 16 Barb. 598; Nassoiy v. Tomlinson, 65 Hun, 491; 48 St. Rep. 182. In the latter case the . action was for a balance of commissions alleged to be due on the sale of real estate for the defendant. The defendant sent a check for $300, being at the rate of one per cent, on the sale, which plaintiff kept and credited on the account, but notified the defendant that he claimed five per cent. The court held it was no satisfaction of the claim, and, without the consent of the plaintiff, there was no accord and satisfaction; citing Fuller v. Kemp, 40 St. Rep. 672, and other cases.
There-could be no question in the case if the plaintiffs had accepted the account against Slater in payment of the defendant’s debt, but, as a matter of fact, there never was any agreement that the plaintiffs would pay the bill which Slater owed the defendants at the time the bill of goods was sold them, and never any acceptance of his bill in part payment of the defendants’ indebtedness. The facts here do not present the case of an unliquidated claim,. *591 where the .debtor is permitted to pay the same, with, a condition that it is in fall payment of demand, and, if accepted by the-creditor, is held to be an acceptance of the lesser sum in full payment and satisfaction of the amount claimed. In the case before us the plaintiff’s claim was liquidated at $110.75. The case of Looby v. Village of West Troy, 24 Hun, 78, cited by defendants’ counsel in his brief, is of the same class as Fuller v. Kemp. The warrant drawn by the city and given to the plaintiff was in terms in full satisfaction of his claim ; and the court held, if he was not willing to take it in settlement of his claim, he should have returned it. The same may be said of Hills v. Sommer, 53 Hun,; 892; 25 St. Rep. 1003. The defendant sent the plaintiff a draft for an invoice of lemons, with the statement that it was “in payment of invoice as below ” ; and the court held that the plaintiff was properly nonsuited on the trial, that the claim was disputed, and if the plaintiff accepted a less sum than his claim, with the notice that it was in full payment, it constituted a valid accord and satisfaction. So in Brown v. Symes, 83 Hun, 159; 64 St. Rep. 266, the plaintiff made a claim against the defendant for $110, money loaned, and interest. The claim was disputed by the defendant, but the plaintiff insisted on payment. Finally, the defendant wrote to the plaintiff that he did not concede the claim to be a just one, but, rather than have further trouble, he “decided to send the inclosed check for $110, and will expect in return a receipt in full.” The check was drawn to the order of the plaintiff, “as full settlement of claim against me,” which the plaintiff retained, and collected the money. This was held to be an accord and satisfaction. It is not necessary to accumulate authorities on this subject. Much has been written, and from the earliest times the books are full of cases, upon this question, and the rule first above stated is still the law of this state. There is no accord and satisfaction of a liquidated claim without the consent of the creditor, and only in that class of cases where there is a dispute of the amount or justness of the claim, or one which falls within that class know as “ unliquidated claims,” have the courts held any other way. It follows, therefore, that the judgment below is erroneous, and should be set aside, and a new trial granted, with $1(> costs and disbursements to abide the event of the action there.
HATCH, J., concurs; WHITE, J., dissents.