ST. REGIS PAPER CO. v. TONAWANDA BOARD & PAPER CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1905.)

1. PAYMENT—PAYMENT BY CHECK—ACCEPTANCE—CERTIFICATION BY DRAWER—
   EFFECT.
      Negotiable Instruments Law (Laws 1897, p. 756, c. 612, § 323) provides
   that when a check is certified by the bank the certificate is equivalent to
   an acceptance.   Section 324 declares that, on the holder of a check pro-
   curing it to be certified, the drawer and indorsers shall be discharged
   from liability.   A creditor received a check from his debtor, and procured
   the certification thereof by the bank on which it was drawn.   Held a pay-
   ment to the amount of the check.

2. ACCORD AND SATISFACTION—PAYMENT BY CHECK IN FULL—ACCEPTANCE—
   EFFECT.
      Where there was a dispute as to the amount of a debt, and the debtor
   mailed his check for the amount claimed by him to be due, and stipulated
   that it was to be received in full satisfaction of the debt, and the creditor
   used the check, presented it to the bank, and caused it to be certified, the
   creditor accepted the check in full payment.

      [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Accord and Sat-
   isfaction, §§ 76, 77, 80.]

      McLennan, P. J., dissenting.

Appeal from Trial Term, Jefferson County.

Action by the St. Regis Paper Company against the Tonawanda
Board & Paper Company.   From a judgment for plaintiff, and
from an order denying a new trial, defendant appeals.   Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

Lewis T. Payne, for appellant.
Henry Purcell, for respondent.

SPRING, J.   The parties are domestic corporations.   In Octo-
ber, 1903, the defendant purchased of Craig & Co., of New York
City, who were the sales agents of the plaintiff, a quantity of pulp
manufactured by the plaintiff at a stipulated price per ton for air
dry weight.   This pulp, when shipped, was wet, and a disagree-
ment arose over the proper percentage to be deducted for the
moisture it contained.   A representative on behalf of the plaintiff
made a test of this pulp, and a man representing the defendant
at the same time made another test in its behalf, and they dis-
agreed in the results reached.   The parties insisted on the correct-
ness of their respective tests, and on November 25, 1903, the de-
fendant mailed its check on the First National Bank of Tonawanda,
N. Y., to Craig & Co., for $1,653.06; being the amount unpaid ac-
cording to the contention of the defendant.   The check was made
payable to the order of H. G. Craig & Co., "in full account as per
statement on reverse side of this voucher."   It contained this in-

dorsement: "Endorsement by the payee is acknowledged of full payment and satisfaction of the account as follows;" subjoining a statement showing the amount unpaid, less freight and discount, of $1,653.06. On November 30th Craig & Co. caused the check to be certified by the proper officer of the drawee, and the following certification was indorsed thereon: "Good for $1,653.06 when properly endorsed. First National Bank, Tonawanda, N. Y. Henry P. Smith, Cashier." And the amount was charged to the account of the defendant. Craig & Co. or the plaintiff has ever since retained the check. With the check was the letter of the defendant advising Craig & Co. that a "credit memorandum" was inclosed, and adding: "We also enclose herewith our check for $1,653.06 which is in settlement of this credit memorandum less 2 per cent. cash discount $46.01 and freight paid $601.39." In reply, and under date of November 30th, Craig & Co. acknowledged receipt of the check, saying further: "Regret we cannot accept in settlement of our account. We enclose statement showing balance. Please send check to cover the difference and oblige." In the statement inclosed, credit was given for the amount of the check, and a balance of $494.24 was set out. The transaction, in the light of the dates, is significant. The letter of the defendant to Craig & Co. was written November 25th, and evidently remained unanswered for three or four days. Craig & Co. must have accepted the check before replying to the letter, for the check was received and certified by the bank at Tonawanda on the 30th, which was the very day Craig & Co. wrote to the defendant that the check could not be accepted in full payment. The defendant therefore could not have received this letter until after the certification of the check, for in the ordinary course of the mail its transmission from New York to Tonawanda would take a day at least. Apparently in the sequence of events, Craig & Co. accepted the check, sending it to the bank on which it was drawn to be certified, and, after allowing ample time for that to be accomplished, wrote to the defendant. On December 5th the defendant replied to this letter, in which it stated it regretted "to note that you do not feel like accepting our check sent you in full settlement of account. We also note statement sent us amounting to $494.24 which you claim to be the balance due, but this we cannot allow." Demand was made of the defendant for the balance claimed to be due, and in a letter dated December 26th the attorneys for the plaintiff informed the defendant "that the check you sent would not be accepted in settlement. The check is still subject to your order and unless payment is made at once suit will be brought." The defendant answering these letters, insisted that the quantity of the pulp had been ascertained by a joint test and it paid accordingly, and declined to pay further.

This action was commenced, not to recover the balance unpaid after crediting the amount of the check, but to recover the entire claim, and a recovery was had for the full sum originally claimed by the plaintiff. On the trial, for the first time during the pendency of the action, the plaintiff offered to return the check.

The certification of the check by the bank on which it was drawn

at the request of Craig & Co. discharged the defendant from liability thereon. Meuer v. Phenix National Bank, 94 App. Div. 331, 88 N. Y. Supp. 83; First Nat. Bank of Jersey City v. Leach, 52 N. Y. 350, 11 Am. Rep. 708; White et al. v. Eiseman et al., 134 N. Y. 101–108, 31 N. E. 276. "Where a check is certified by the bank on which it is drawn, the certificate is equivalent to an acceptance." Section 323, c. 612, p. 756, Laws 1897 (Negotiable Instruments Law). "Where the holder of a check procures it to be accepted or certified the drawer and all indorsers are discharged from liability thereon." Section 324, c. 612, p. 756, Laws 1897. The acceptance and use of this check by Craig & Co. was therefore a payment, at least to the amount of the check.

The trial court permitted the jury to determine whether the check was accepted as an accord and satisfaction or payment of the demand. In this we think the court erred. There was a genuine dispute between the parties as to the amount of the debt. Each party was insisting upon the accuracy of a test. If the defendant was correct, the amount for which the check was drawn covered the indebtedness. If the plaintiff's contention was to prevail, the debt was for a larger sum. The amount due was one of two sums, but which sum was uncertain. The claim was consequently unliquidated. The defendant mailed its check for the amount it claimed to be unpaid, and stipulated in the check that it was to be received in "full payment and satisfaction of the account," a statement of which was indorsed on the check. The defendant had the right to impose the condition upon which acceptance was to be made. The payee was not obliged to accede to the condition. It could return the check, declining to accept it in full payment. If, however, it used the check, causing the account of the defendant with the drawee to be depleted by the sum represented by it, it acceded to the stipulation which defendant imposed. The transaction then became an executed contract. Having presented the check to the bank, causing it to be certified, the plaintiff could not thereafter claim it did not intend to accept the check in full payment, but only to be applied on the debt. Nassoiy v. Tomlinson, 148 N. Y. 328, 42 N. E. 715, 51 Am. St. Rep. 695; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Simons v. American Legion of Honor, 178 N. Y. 263, 70 N. E. 776; Logan v. Davidson, 18 App. Div. 353, 45 N. Y. Supp. 961, affirmed 162 N. Y. 624, 57 N. E. 1115; Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102.

In Nassoiy v. Tomlinson, supra, there was a dispute over a claim due the plaintiff for commissions on the sale of real estate. He claimed the demand was $1,500; and the defendant, only $300. The defendant mailed a check for the $300, inclosing an unsigned voucher for the plaintiff to execute, which was in full for the commissions. The plaintiff replied promptly, expressing surprise, and insisting that his claim was $1,500. The defendant did not reply. The plaintiff retained the check for six months, and then obtained the money on it, and wrote the defendant that he gave him credit for the $300, claiming the balance, and inclosing a receipt in part payment for the commissions. The defendant answered that he

"should consider this payment in full for all commissions." On the trial the question of the acceptance of the check was submitted to the jury, who found for the plaintiff, but a new trial was granted by the Court of Appeals; the court, in discussing the question, saying at page 331 of 148 N. Y., page 716 of 42 N. E. (51 Am. St. Rep. 695):

"The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand. He could not accept the benefit and reject the condition, for, if he accepted at all, it was cum onere. When he indorsed and collected the check referred to in the letter asking him to sign the inclosed receipt in full, it was the same in legal effect as if he had signed and returned the receipt, because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered. The use of the check was ipso facto an acceptance of the condition. The minds of the parties then met so as to constitute an accord, and, as was said by this court in Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, the acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference from the transaction."

The authorities cited by the counsel for the respondent do not impair the force of this principle. For instance, in Laroe v. Sugar Loaf Mining Co., 180 N. Y. 367, 73 N. E. 61, the court expressly recognized the doctrine of the cases above mentioned, but, on account of the "peculiar" circumstances of that case, the rule was not applied. The check and accompanying letter mailed by the defendant to Craig & Co. were unequivocal and easily understood. Craig & Co. must have known, if they gave the subject any consideration, that an acceptance of the check extinguished the debt. They apparently preferred to get the money on the check, and take their chances of recovering the balance claimed to be unpaid. This course was not open to them. They must either accept the check as payment in full, or adopt the other alternative, and return it to the drawer, declining to receive it with the condition imposed.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur, except McLENNAN, P. J., who dissents, and STOVER, J., not voting.