### STRATTON v. HUNT SULLIVAN CO.

(Steuben County Court. September 22, 1906.)

ACCORD AND SATISFACTION—NATURE AND REQUISITES.

Where a master placed in a servant's pay envelope a less sum than was due, claiming a right to a deduction for materials broken by the servant, and on the servant's request for the balance it was refused, and he stated he would have some other person get it for him, and the master said, "Go ahead and do so," and the servant took the envelope and money and left, there was no accord and satisfaction.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Accord and Satisfaction, §§ 46, 57, 60, 61, 69, 78, 80–82.]

Appeal from Justice Court.

Action by Charles B. Stratton against the Hunt Sullivan Company. Judgment for defendant, and plaintiff appeals. Reversed.

Heminway & Hausner, for appellant.

Willard S. Reed, for respondent.

BURRELL, J. This action was brought by the plaintiff, Charles B. Stratton, against the defendant company, in Justice Court in the city of Corning, to recover the sum of $12.25 wages due him as an employé of the defendant as a glass cutter, less the sum of $8.25 paid thereon, and demanding judgment for a balance of $4. At the close of the plaintiff's case the defendant moved for a nonsuit on the ground that "the plaintiff had failed to establish a cause of action, and that upon the plaintiff's own evidence the matter of controversy was adjusted, and that he had accepted $8.25." The motion was granted, and judgment for costs was rendered against the plaintiff.

The undisputed evidence shows that the usual week's work was 60 hours, for which the plaintiff received $13, or the agreed price of 21⅔ cents per hour; that he had worked 56½ hours during the week in question, amounting to $12.25; that the custom of the defendant was to pay its employés at stated intervals, by envelopes containing the amount due each man and handed to them by the foreman of the defendant. On the pay day in question a sealed envelope was handed to the plaintiff by the foreman, and on it was written the plaintiff's name, 56½ hours, $12.25, and under that the words, "For stone $4.00," and under those figures was written "8.25." An examination of the contents of the envelope found it to contain $8.25, showing that the sum of $4 had been deducted from the full amount of $12.25. The plaintiff states that he refused to accept it, and went to Mr. Hunt, the president of the company, and asked him to pay the balance, which he refused to do,

because he wanted pay for the broken stone. "So I told Mr. Hunt I would have some other man get it for me," and "he told me to go ahead and do so." The plaintiff took the envelope and the $8.25, and left the defendant's place of business. There is no evidence in the case that the plaintiff broke any stone, or was in any way liable to the defendant for a stone. In fact, the only mention of "stone" was on the envelope handed the plaintiff and in the conversation above quoted.

The defendant's counsel urges that these acts and declarations on the part of the plaintiff constitute an accord and satisfaction; that he received the sum of $8.25 in full settlement of the amount of wages due him, on the theory that it was a disputed or unliquidated claim. There is no evidence that the $8.25 was offered by the defendant in full settlement of the claim, or received under those conditions, unless the same can be gathered from the fact that only $8.25 was placed in the sealed envelope handed to the plaintiff, and from the conversation with the president of defendant, above quoted. "To constitute an accord and satisfaction it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he is subject to such conditions." Harrison v. Henderson (Kan.) 72 Pac. 875, 62 L. R. A. 760, 100 Am. St. Rep. 386; 1 Cyc. 332. The mere fact that the creditor receives less than the amount of his claim, with knowledge that the debtor claims to be indebted to him only to extent of the payment made, does not necessarily establish an accord and satisfaction. 1 Cyc. 333.

The evidence showed clearly that $12.25 was due the plaintiff. There was no dispute as to the number of hours worked or price per hour, and no dispute as to the amount of wages due the plaintiff. The payment of an amount less than that for which the debtor is liable does not constitue a valid accord and satisfaction, unless there is a bona fide dispute as to the debtor's liability, or as to the amount due from him (Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61; Bunge v. Kopp, 48 N. Y. 225, 8 Am. Rep. 546; Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113), or unless the damages are unliquidated. The case at bar was a liquidated claim, the amount owing the plaintiff was not in dispute by either party, the defendant attempted to pay the same by forcing the plaintiff to take $8.25 claiming the difference due them for a stone, and is in harmony with the case of Elkan et al. v. Hitchcock et al., 15 Misc. Rep. 218, 36 N. Y. Supp. 788. In that case defendants owed the plaintiffs $110.25 for goods, and sent their checks for $74.25 and their bill against a third person for $35.80 for which the plaintiffs were not liable, though they had made an agreement, void under the statute of frauds, to pay any bill he might contract. Plaintiffs applied the check on their account, and wrote defendants that they had credited their account with the amount thereof, and claimed the balance as still due. Held, that there was no accord and satisfaction, plaintiffs not having accepted the bill in part payment; and the court there says the

"plaintiffs' claim was liquidated at $110.25." In the case at bar, that plaintiff's claim was liquidated at $12.25, and the fact that defendant claimed $4 for a stone, and deducted that amount against the protest of the plaintiff, does not in my opinion constitute an accord and satisfaction. If anything was agreed upon in the conversation above quoted between these parties, it was an agreement that the plaintiff should proceed to get the balance, as he stated he would have some one do, and to which the defendant consented, and told him to "go ahead and do so."

I am well aware of the rule that, where the claim is unliquidated or in dispute as to the amount actually due, on an offer of a certain sum of money in full satisfaction, which the creditor accepts, and retains the money, his claim is canceled. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; St. Regis Paper Co. v. Tonawanda Co., 107 App. Div. 90, 94 N. Y. Supp. 946. "The payment by a debtor and the acceptance by a creditor of a smaller sum of money in payment or satisfaction of a larger one, which is just and actually due, is not a valid discharge, either as a payment or an accord and satisfaction." 2 Wait's Law and Practice, 567. The case of Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710, discusses many of the cases on this proposition, and all of these cases hold that payment of a lesser sum in satisfaction of a greater amount cannot be in satisfaction for the whole. Miller v. Coates, 66 N. Y. 609; Luddington v. Bell, 77 N. Y. 143, 33 Am. Rep. 601.

If the theory of respondent's counsel is correct, then it would be entirely in the power of any defendant to make a fixed, exact sum actually due another into a disputed claim by merely refusing to pay only a part of the same, and, if accepted on any terms at all, to thus force an accord and satisfaction. The justice erred in granting the motion for a nonsuit, and the judgment should be reversed, with costs.

Judgment is ordered accordingly, reversing the same, with costs.