### LEGGE v. FOSTER.

(Supreme Court, Appellate Term.   November 10, 1911.)

ACCORD AND SATISFACTION (§ 11*)—CHECK—"IN FULL FOR SERVICES."

Where plaintiff accepted a check, inclosed in a letter which declared that it was paid "in full for services rendered," he could not retain the check, and at the same time repudiate the condition, which acceptance constituted an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11.*

For other definitions, see Words and Phrases, vol. 4, pp. 3473, 3474.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Arthur T. Legge against William H. Foster. From a Municipal Court judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Dudley E. Latham, for appellant.
Walter Underhill, for respondent.

SEABURY, J. In my judgment the complaint was properly dismissed. The check which the defendant sent to the plaintiff was inclosed in a letter which declared that it was paid "in full for services rendered." It is true that the plaintiff in a letter repudiated the claim that the check was paid in full settlement. His action, however, in getting the money upon the check, spoke louder than his words, disavowing that the check was in full payment. He could not retain the check, and at the same time repudiate the condition upon which it was delivered to him. Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588; St. Regis Paper Company v. Tonawanda Company, 107 App. Div. 90, 94 N. Y. Supp. 946; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695.

I think that the judgment of the court below was correct, and that it should be affirmed, with costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.