JOSEPH F. BRODERICK, Respondent, *v.* THE KEASBEY & MATTISON COMPANY, Appellant.

First Department, November 3, 1933.

*M. M. Leichter* of counsel [*John L. Ketcham* with him on the brief; *Weissberger & Leichter,* attorneys], for the appellant.

*Charles Eno* of counsel [*Gustav Nadel* with him on the brief; *Charles Eno,* attorney], for the respondent.

UNTERMYER, J. The plaintiff, employed by the defendant as estimator and salesman from July 11, 1930, to April 7, 1932, brought this action to recover for commissions alleged to have been earned during that period and in part unpaid. The plaintiff testified that under the terms of his employment he was to receive four per cent of the gross volume of business obtained by him where he prepared the estimate and secured the business. If another salesman secured the business and the plaintiff performed the estimating, or if the plaintiff secured the business and other salesmen performed the estimating, commissions were to be equally divided between them. The plaintiff was to receive a drawing account of $433.32, later reduced to $390, per month, payable bi-monthly. The defendant's evidence was to the effect that, under the agreement, the plaintiff was only entitled to one-half commission on business secured outside of the borough of Manhattan and that by drawing account and advances he had been paid more than the commissions he had earned. The case was tried as a jury cause almost to the conclusion of the trial, at which time the parties waived the jury and submitted the issues for decision by the court. The court directed a verdict in favor of the plaintiff for the sum of $3,699.54.

Two questions were litigated at the trial; the *first*, whether the plaintiff was entitled to any commissions for which he had not been paid; the *second*, whether at the time of the plaintiff's discharge on April 7, 1932, there was an accord and satisfaction of any commissions then remaining due. We will not concern ourselves with the first of these questions, because we are of the opinion that the evidence clearly established an accord and satisfaction of the plaintiff's claim.

The plaintiff testified that in March, 1932, he was told by Nankervis, manager of the defendant's contract department, that on account of a reorganization of the defendant corporation it had been decided to discontinue the plaintiff's services. This was followed by a conversation on April seventh, which the plaintiff again claims he had with Nankervis, in which, he testified, he asked for a payment on account of commissions. To this request Nankervis is said to have replied, " I don't know anything about that * * *. You can have this month's salary. You know that letter the company sent out some time ago in the case of the discharge of a salesman." The letter to which this refers is dated November 30, 1931, and contains the following: " In case of the discharge of a salesman, he shall be allotted one month's notice if his commission equals or exceeds his drawing account. No commission to be paid on business closed by him after notice is given. If his drawing account exceeds his earned commissions he is allowed no notice." On April seventh the plaintiff accepted a check for $390, signed for the defendant by C. A. Jordan and Mrs. Smith. The check on its face is marked, " Final — $390." When delivered to the plaintiff it was indorsed in type: " Payment in full for commissions earned or to be earned and/or all claims to date," to which the plaintiff added, " Also subject to Mr. Broderick's letter of April 7, 1932," and signed his name. The letter so referred to was dictated and signed by the plaintiff on April seventh in the office of the defendant and by him placed on the desk of Jordan, the defendant's district manager. It reads:

" Mr. C. A. JORDAN, JR., *Manager*.

" This communication will serve to acknowledge receipt of check in the amount of $390 as of April 7th, which I am compelled to receive under protest subject to adjustment of my account.

" Very truly yours,

" J. F. BRODERICK."

Three witnesses testified for the defendant on the issue of accord and satisfaction. Jordan testified to a conversation with the plaintiff on April seventh in which the plaintiff contended that

some commissions were still due. Jordan testified that he insisted that not only were no commissions due but that the plaintiff's drawing account exceeded commissions by about $1,000. If this was so, then, under the terms of the letter of November 30, 1931, the plaintiff was not entitled to one month's notice or salary. Jordan further testified that the plaintiff agreed to accept the salary for the month of April in settlement of his disputed claim for commissions and that, thereupon, in the plaintiff's presence, he instructed Mrs. Smith, the cashier, to prepare a check for $390 with the indorsement previously described. Nankervis denied any conversation with the plaintiff concerning payment of salary for April or concerning any commissions. Mrs. Smith, the cashier, corroborated Jordan's testimony concerning the conversation with the plaintiff on April seventh.

We think the plaintiff's testimony to the effect that the check of April seventh was received by him only in payment of salary for the month of April is conclusively refuted by the written evidence. The plaintiff's acceptance of a check bearing the indorsement that it was in full payment of " commissions earned or to be earned " is entirely inconsistent with his present claim that the check was intended as salary for the month of April. From his letter, written on the same day, it also appears that he must have been aware that the check was tendered in satisfaction of any claim he might have for commissions and not as salary. Otherwise, he would not have stated that he was " compelled " to receive it and that he did so " under protest." Having accepted the check on the express condition that it was in satisfaction of a *bona fide* controversy then existing between the parties, the plaintiff could not use the check and reject the condition. (*Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Fuller* v. *Kemp*, 138 id. 231; *Hills* v. *Sommer*, 53 Hun, 392.)

The judgment should be reversed, with costs, and judgment directed for defendant, with costs.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed for defendant, with costs.