CAPITOL COAL CORPORATION, Plaintiff, *v.* JUNEGLORY REALTY CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, August 10, 1935.

*Saul Godwin,* for the plaintiff.

*Samuel Sprung,* for the defendant.

WATSON, J. Plaintiff moves for partial summary judgment for $725 on the ground that defendant has admitted plaintiff's claim to that extent. The defense is accord and satisfaction. Defendant admits the sale and delivery of the coal mentioned in the complaint but it says that a portion of it was of exceedingly bad quality and that a large percentage of it contained dirt and useless coal dust. It says further that on numerous dates complaints were made to plaintiff concerning the same and that finally an adjustment was arrived at resulting in the issuance of defendant's check to plaintiff for $725 with a notation on the back thereof that it was in full payment of all moneys owing by defendant to plaintiff. On receipt of the check, plaintiff caused it to be certified and has since retained it. Plaintiff asserts that this payment was received on account of the amount due and that there never was an adjustment and compromise of its claim.

Partial summary judgment cannot be granted in plaintiff's favor, for even though defendant admitted liability for a specific amount for which it sent its check before the action was commenced, if it is shown upon a trial that there was a *bona fide* dispute as to the quality of the coal supplied and that thereafter the account was adjusted at $725, an accord would thereby be established. The acceptance, certification and retention of the check by plaintiff after such adjustment was made, with the condition thereon noted, would constitute a satisfaction of plaintiff's claim.

Plaintiff contends, however, that it never intended to accept the check in full settlement of the account and it explains that its reason for accepting it was for the purpose of holding the same as evidence of the defendant's admission that at least that sum is owing to plaintiff and that as a precaution against withdrawal of the funds from defendant's bank it had the check certified.

" Having accepted the check on the express condition that it was in satisfaction of a *bona fide* controversy then existing between the parties, the plaintiff could not use the check and reject the condition." (*Broderick* v. *Keasbey & Mattison Co.*, 239 App. Div. 207, 209, and cases cited.) And certification of the check by plaintiff with knowledge of the condition under which it was sent, as shown by the inscription thereon, was a use of it and the same would operate as a discharge of the debt. (*St. Regis Paper Co.* v. *Tonawanda Board & Paper Co.*, 107 App. Div. 90; affd., 186 N. Y. 563; *Keleher* v. *Manufacturers Trust Co.*, 145 Misc. 589.)

It is obvious that the determination of the issues should await the trial of the action. This motion is, therefore, denied, with ten dollars costs.