Alexander W. Kramer, J.
Action by plaintiffs for balance of commissions allegedly due.
Plaintiffs were real estate brokers; they entered into a contract dated July 7, 1959, with defendant whereby defendant undertook to pay plaintiffs a commission of $1,080 upon the sale of premises known as 1170 '54th Street, Brooklyn, New York, to one, Philip Versade —“ if, as and when title to premises No. 1170- — -54th Street, Brooklyn, is passed and the full consideration is paid.” Title to the premises subsequently closed; defendant received the full purchase price.
At the closing of title defendant protested to plaintiffs’ representative claiming that, because of plaintiffs’ unauthorized *427 display of signs, defendant had lost two months’ rent aggregating $230. Defendant tendered his check for $850; plaintiffs’ representative accepted it. On the reverse side of the check the legend ‘ ‘ Brokerage Commissions resale of premises 1170 54th Street, Brooklyn, New York — paid in full ” appeared. Thereafter, plaintiffs had the check certified and later negotiated it.
Defendant’s answer pleaded: 1) general denial; 2) payment; 3) accord and satisfaction and 4) another action pending.
We feel that the defense of accord and satisfaction is determinative of the issues herein.
Had the defendant merely tendered $850 in satisfaction of the contractual obligation to pay $1,080, there would have been no accord and satisfaction. Payment of a lesser sum in satisfaction of a greater liquidated amount is invalid — there being a failure of consideration.
However, the fact that the defendant claimed a loss of rents and offset this loss against the brokerage commission created a dispute between the parties. The certification of the check by the plaintiffs and its later negotiation constituted an acceptance by them of the conditions raised by the defendant as evidenced by the legend on the reverse side of the check. (Broderick v. Keasby & Mattison Co., 239 App. Div. 207; St. Regis Paper Co. v. Tonawanda, 107 App. Div. 90; Capital Coal Corp. v. Juneglory Realty Corp., 156 Misc. 631; 1 N. Y. Jur., Accord and Satisfaction, §§ 9, 10, 11.)
Judgment is accordingly directed in favor of the defendant.