## DE LOVENZO v. HUGHES.

(Supreme Court, Appellate Term. November 18, 1903.)

1. ACCORD AND SATISFACTION—TENDER IN FULL—ACCEPTANCE—EFFECT.
   Where a creditor accepts a check tendered as payment in full, and retains the proceeds, there is an accord and satisfaction, notwithstanding his protest that he does not accept it in full.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Dominick De Lovenzo against William Hughes. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

W. E. Benjamin, for appellant.

A. A. Kremer, for respondent.

BISCHOFF, J. It appeared, from undisputed evidence, and the respondent's counsel concedes the facts to have been, that, disputing the justice of his client's claim of $52.19 for the balance of a merchandise account, the appellant tendered the respondent a check for $2.19 in full payment, and that the latter, having previously refused acceptance of the check, nevertheless, upon the advice of his attorney, and with full knowledge of the condition accompanying the tender, did accept it, and retained the proceeds of its collection to his own use. That these facts, notwithstanding the respondent's express refusal to accept the check in full discharge of any further demand, constituted an accord and satisfaction, and precluded him from any further recovery upon the account, was held in Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; and Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102. The rulings of the court below to the contrary, therefore, to which due exception was taken, present error, for which the judgment appealed from must be reversed.

Judgment reversed, and judgment ordered for defendant (appellant), with costs. All concur.

¶ 1. See Accord and Satisfaction, vol. 1, Cent. Dig. §§ 76, 78.