James B. Laroe et al., Appellants, v. Sugar Loaf Dairy Company, Respondent.

Accord and Satisfaction — Acceptance of Check Accompanying Statement Marked "to Check in Full."  The mere retention and use by vendors of checks accompanying an account giving the amount of goods delivered, and the price therefor, at the foot of which appeared the words "to check in full," does not constitute an accord and satisfaction where it appears that they had a valid contract by which the vendee was bound to accept the goods at a specified price, and although the latter

repudiated it, it continued to receive the goods after notification that they were delivered solely under the contract and at the price stipulated therein, and if it sent any checks it would receive for them nothing but credit on account.

*Laroe* v. *Sugar Loaf Dairy Co.;* 87 App. Div. 585, reversed.

(Argued January 25, 1905; decided February 3, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 23, 1903, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. F. Seeger* for appellants. Plaintiffs had shown facts sufficient to go to the jury as to the authority of defendant's secretary to make the contract in question. (*Tyler* v. *A. A. S. & L. Assn.*, 30 App. Div. 404; *Powers* v. *S. H. L. & P. Co.*, 23 App. Div. 380; *Lee* v. *P. C. & M. Co.*, 56 How. Pr. 373; *W. W. Co.* v. *K. Mfg. Co.*, 21 Misc. Rep. 79; *Cone* v. *E. P. Mills*, 12 App. Div. 314; *Minor* v. *M. Bank*, 26 U. S. 46; *Case* v. *C. Nat. Bank*, 100 U. S. 446; *Nat. P. Bank* v. *G. A. M. W. & S. Co.*, 21 J. & S. 367; *Smith* v. *M. A. F. C. H. Co.*, 64 Hun, 639; *People's Bank* v. *M. Nat. Bank*, 101 U. S. 181.) Even if the contract was originally made without authority on the part of the defendant, the same was ratified and confirmed by the defendant's acts. (*Nutting* v. *K. C. E. R. R. Co.*, 21 App. Div. 72; *Moss* v. *R. L. M. Co.*, 5 Hill, 137; *L. I. R. R. Co.* v. *Marquand*, 6 N. Y. Leg. Obs. 160; *Castle* v. *Lewis*, 78 N. Y. 131; *Scott* v. *M., etc., R. R. Co.*, 86 N. Y. 200; *Davis* v. *H. S. Co.*, 6 App. Div. 166.) The plaintiffs' claim is a liquidated one, the amount due being fixed by the contract. (*Nassoiy* v. *Tomlinson*, 148 N. Y. 330; *Fuller* v. *Kemp*, 138 N. Y. 231; *Ryan* v. *Ward*, 48 N. Y. 205.) Payment of a less sum than the whole amount of a debt will not extinguish it. (*Komp* v. *Raymond*, 175 N. Y. 102; *Ryan* v. *Ward*, 48 N. Y. 204; *Luddington* v. *Bell*, 77 N. Y. 143.) An accord and satisfaction is not conclusively established by

the evidence. (*Komp* v. *Raymond*, 175 N. Y. 102; *Bliss* v. *Schwartz*, 65 N. Y. 444; *Allison* v. *Abendroth*, 108 N. Y. 470; *Bunge* v. *Koop*, 48 N. Y. 225; *Rothschild* v. *Mosbacher*, 26 App. Div. 167; *Jaffray* v. *Davis*, 124 N. Y. 164; *Perin* v. *Cathcart*, 89 N. W. Rep. 12; *Strock* v. *B. T. Co.*, 23 Misc. Rep. 358; *Shanley* v. *Koehler*, 80 App. Div. 566; *Abelson* v. *Gordon*, 74 N. Y. S. R. 863; *Leyman* v. *Minturn*, 17 Johns. 169.) The rendering of the monthly statements of account by defendant to the plaintiffs with the words thereon "to check in full," and with a check for the amount stated, under the circumstances did not constitute an account stated, and does not bar a recovery of the balance due. (*E. V. B. Co.* v. *Prosser*, 157 N. Y. 289.) It was reversible error for the court to refuse to submit the several questions of fact to the jury upon the plaintiffs' request, and to direct a verdict for the defendant. (*Briggs* v. *Waldron*, 83 N. Y. 582.)

*John J. Beattie* for respondent. As there was no disputed question of fact in the case, it was the duty of the trial court to direct a verdict in favor of the defendant. (*Bulger* v. *Rosa*, 119 N. Y. 459; *Colt* v. *S. A. R. R. Co.*, 49 N. Y. 671; *Bagley* v. *Bowe*, 105 N. Y. 171; *Logan* v. *Davidson*, 18 App. Div. 353.) The plaintiffs had direct notice, prior to the making of the alleged agreement with Knapp, that he was not authorized to make the contract without obtaining authority to do so from the other officers of the company. (*Alexander* v. *Cauldwell*, 83 N. Y. 480; *Jemison* v. *Bank*, 122 N. Y. 140; Stephen's Law of Ev. 155; 2 Best on Ev. 364; *F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354.) The defendant repudiated the alleged agreement and raised the question of its validity before any right of action accrued to the plaintiffs under it. (*Nassoiy* v. *Tomlinson*, 148 N. Y. 330; *Fuller* v. *Kemp*, 138 N. Y. 238; *Jackson* v. *Volkening*, 81 App. Div. 36; 178 N. Y. 562; *Logan* v. *Davidson*, 18 App. Div. 353; 162 N. Y. 624; *Wisner* v. *Schopp*, 34 App. Div. 199; *Lewinson* v. *Montauk Theatre Co.*, 60 App. Div. 572; *Whittaker* v. *Ellenberg*, 70 App. Div. 489; *Brown* v. *Symes*,

83 Hun, 159; *Reynolds* v. *Empire Lumber Co.*, 85 Hun, 470; *Hills* v. *Sommer*, 53 Hun, 392; *Freiberg* v. *Moffett*, 91 Hun, 17.)

CULLEN, Ch. J.  The plaintiffs sued for a balance alleged to be due on the sale and delivery of milk to the defendant during a period of six months commencing October first, 1901, under a contract by which they were to be paid therefor a specified price.  The defendant answered denying the contract declared on in the complaint and pleading payment in full.  The dispute was not as to the quantity of milk delivered, but solely as to the price which was to be paid.  One of the plaintiffs testified that shortly before October first he made an agreement with one Knapp, the secretary of the company, and its general agent and manager in Orange county, where the defendant's dairy was situated, whereby the plaintiffs were to deliver and the defendant was to take the milk from plaintiffs' farm during the period mentioned and pay therefor what was known as the New York market price.  Under this the plaintiffs delivered milk until the early part of November when one of them met Sanford, the president of the defendant, who asserted that Knapp had no authority to make the contract with the plaintiffs, and that if the plaintiffs continued to deliver milk it must be at the same price as that they had been paid during the previous year.  A day or two thereafter the defendant served a written notice on the plaintiffs to the same effect.  To this notice the plaintiffs responded, also in writing, stating in substance that they had made a valid contract with the defendant, through Knapp, under which they intended to continue their deliveries of milk and with the terms of which they expected the defendant to comply; that if the defendant paid less than the contract price they would credit it for the amount paid and hold it for the balance, and in proper time sue for such balance.  After this correspondence the plaintiffs delivered milk to the defendant during the whole of the specified period.  Shortly after the end of each month the defendant sent a check to the plaintiffs for the

amount of the month's deliveries calculated at the price of the previous year. Accompanying the check was a statement giving the amount of milk delivered and the price therefor, and at the foot of the statement these words : " To check in full." Plaintiffs collected the checks but gave no receipts therefor. At the close of the plaintiffs' case the trial court directed a verdict for the defendant on the ground that the receipt of the checks constituted a valid accord and satisfaction.

We think this disposition of the case was erroneous. The plaintiffs' evidence, if credited, established a clearly valid contract with the defendant, under the terms of which it was indebted to the plaintiffs in the amount for which the suit was brought. The payment of an amount less than that for which the debtor is liable does not constitute a valid accord and satisfaction unless there is a *bona fide* dispute as to the debtor's liability or as to the amount due from him (*Bunge* v. *Koop*, 48 N. Y. 225 ; *Komp* v. *Raymond*, 175 N. Y. 102) or unless the damages are unliquidated. While the defendant's president repudiated the contract made by Knapp, its secretary, still, under the evidence given by the plaintiffs, Knapp's ostensible authority in favor of third persons dealing with him seems clear. Therefore, there was a question of fact for the jury to determine as to the *bona fides* of the defendant in the dispute as to its obligations under Knapp's contract. But there is a more serious objection to the disposition of the case made by the trial court. It is the general rule, as stated in *Fuller* v. *Kemp* (138 N. Y. 231) and *Nassoiy* v. *Tomlinson* (148 N. Y. 326, 330), that where there is a disputed claim " the plaintiff cannot be permitted to assert that he did not understand that a sum of money, offered ' in full,' was not, when accepted, a payment in full. He was bound either to reject the check or, by accepting it, to accede to the defendant's terms." The circumstances, in this case, however, are peculiar. The plaintiffs claimed to have, and under the evidence in the case had, a valid contract with the defendant by which it was bound to accept their milk at a specified price. The defendant repudiated that contract, and it may very well

be that after the repudiation of the contract it was not necessary for the plaintiffs to continue a tender of performance. Nevertheless they were justified in carrying out the contract on their part if they saw fit, and it does not militate against their claim that they adopted that course. The defendant was notified in writing that the milk was delivered to it solely under the contract made with the secretary, Knapp, and that the plaintiffs would sue the defendant for the price fixed by that contract, regardless of any payments it might choose to make. It must be borne in mind that the dispute between the parties was not as to the terms of the contract, but whether there was any contract between them. The defendant knew that the plaintiffs did not accept the terms proposed by the defendant's president, but made delivery solely under the contract which they claimed to have made with Knapp. It may just as well be argued that under these circumstances it became the duty of the defendant, if it repudiated the authority of Knapp, to refuse to receive the milk, and that by receiving the milk it acquiesced in the plaintiffs' claim, as the other proposition, that by the receipt of the checks the plaintiffs acceded to the defendant's claim. However this may be, when the defendant saw fit to remit checks to the plaintiffs after notification that such payments would only be credited on account it did not thereby establish an accord and satisfaction. If there was an accord and satisfaction in this case it arose out of the printed words found at the foot of the statement, "to check in full." In the *Fuller* and *Nassoiy* cases the check was accompanied by a letter which expressly stated that the payment was tendered in full satisfaction of the claim and there was nothing in the previous transactions between the parties to limit or qualify that declaration. In this case the defendant was notified in advance that if it sent a check it would receive for it nothing but credit on account. After this notification the defendant chose to send the checks and the only thing which informed the plaintiffs that the defendant intended to impose any condition upon the payment was the printed words mentioned. The case in principle falls within

that of *Eames Vacuum Brake Company* v. *Prosser* (157 N. Y. 289) where it was held that the receipt and collection of a check accompanied by a statement concluding "check to balance" did not constitute an accord and satisfaction so as to preclude the creditor from suing for the balance actually due. It is quite apparent that throughout the whole course of dealings between the parties each not only understood the claim of the other but was notified in advance that nothing that might be done in such dealings was to constitute any waiver of the claim of either party. As the parties continued to deal with this understanding I think their respective rights must be determined solely by the existence and validity of the contract declared on by the plaintiffs. If there was such a valid contract the plaintiffs are entitled to recover; if not, the defendant should succeed. But if I am wrong in this view, at the most it was a question for the jury to pass upon, whether under the circumstances and the previous transactions between the parties the plaintiffs knew, or should have known, that the check was sent to them on the sole condition that by its acceptance they should discharge the defendant.

The judgment should be reversed and new trial granted, costs to abide the event.

Gray, O'Brien, Bartlett, Vann and Werner, JJ., concur; Haight, J., absent.

Judgment reversed, etc.