(54 Misc. 209)

### WILLIAMS et al. v. BIENENZUCHT et al.

#### (Supreme Court, Appellate Term.   May 16, 1907.)

ACCORD AND SATISFACTION—PART PAYMENT BY CHECK.

> Plaintiffs claimed a certain sum due them from defendants. One of the defendants gave them a check, stating that that was all they would get, to which plaintiffs replied that they would credit the defendants with the amount of the check. Plaintiffs retained the check and collected on it. *Held*, that plaintiffs, in accepting the check, took it subject to the terms upon which it was offered, and an accord and satisfaction between the parties was established.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Accord and Satisfaction, §§ 88–91.]

Appeal from City Court of New York, Trial Term.

Action by Henry E. Williams and another against Samuel Bienenzucht and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Henry Hoelljes, for appellants.
Rose & Putzel, for respondents.

SEABURY, J.   This action was brought to recover the purchase price of four dozen sealskins of two different colors, which the plaintiffs sold to the defendants, and which were specially manufactured to conform to a sample previously submitted.   The plaintiffs delivered three dozen, which were returned two days afterwards.   The plaintiffs then notified the defendants that the remaining dozen were ready for delivery, and the defendants refused to receive them.   The plaintiffs claimed that $114.02 was the value of the skins.   The parties had other accounts between them.   One of the defendants delivered to one of the plaintiffs a check for $208.38, together with a statement of account.   Upon delivering the check the defendant said to the plaintiff, "That is all you will get," to which the plaintiff replied, "I will credit your account with that $208."   The defendant left the check with the plaintiff, who deposited it and collected the proceeds, and then returned the statement of account to the defendants, with the following words upon it:

"We will credit your account with the check for $208.38, but will not under any circumstances receive the stock back you are trying to return."

The trial justice dismissed the complaint upon the ground that the evidence established an accord and satisfaction.   There was a dispute between the parties as to the amount due, and the defendant offered the check to the plaintiff in language that was equivalent to offering it upon condition that it should be received in full payment.   This offer gave the plaintiff the option of returning the check and suing upon his claim or accepting the check upon the terms offered.   He elected to pursue the latter course, and in so doing an accord and satisfaction between the parties was established.   In Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, Judge Vann said:

"The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand.   He could not accept the benefit and reject the condition; for, if he accepted it at all, it was cum onere. * * * The use of the check was ipso facto an acceptance of the condition."

The fact that after the plaintiff had secured the proceeds of the check he wrote to the defendants that they would credit their account with the amount paid, and asserting that they would not receive the merchandise back does not alter the legal situation.   As the court said in Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785:

"The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction.   Under such circumstances, the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest can affect the legal quality of the act."

See Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61; Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102; De Lovenzo v. Hughes (Sup.) 84 N. Y. Supp. 857.

The complaint was properly dismissed.

Judgment affirmed, with costs.   All concur.