(120 App. Div. 729)

### DUNN v. WHALEN et al.

### In re DELANEY.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

PAYMENT—ACCEPTANCE—CONDITIONS—CHECKS—CERTIFICATION—EFFECT.

    Plaintiff sent a check to her attorney for $250, inclosed in a letter stating that the check was in full payment for the attorney's services in a specified action. The attorney procured the check to be certified and then acknowledged receipt in a letter, declining to accept it as full payment, and stating that he would retain the check for a week, and, if he did not hear from plaintiff in the meantime, would take it for granted that she consented to his acceptance thereof as a payment on account, to which letter plaintiff made no reply. *Held*, that the certification of the check constituted an acceptance cum onere, and that the attorney could not compel plaintiff to break silence on penalty of agreeing that the acceptance would not be regarded as full payment.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, § 14.]

Appeal from Special Term, New York County.

Action by Marie T. Dunn, individually and as executrix, etc., against Patrick H. Whalen and others. On appeal from an order confirming the report of a referee fixing the fees of John T. Delaney, for whom another attorney was substituted as attorney for plaintiff, she appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and LAMBERT, JJ.

James F. Donnelly, for appellant.

John T. Delaney, pro se.

McLAUGHLIN, J. The respondent on this appeal at one time acted and rendered services for the p'aintiff in the above action. She, for some reason not being satisfied, made a motion to substitute another attorney, which was granted, and a reference ordered to determine the amount of the former attorney's claim; the same being in dispute. The referee to whom the matter was referred reported in favor of the attorney, and an order was subsequently entered confirming the report, from which this appeal is taken.

The plaintiff's husband was a member of the firm of Whalen & Dunn, and after his death she, as his executrix and sole legatee, employed the plaintiff as an attorney to bring this action for an accounting. At the time the action was commenced there was evidence to the effect that the plaintiff asked the attorney how much he would charge for his services, and $500 was agreed upon, and, if a certain claim were collected, $500 more would be paid. This claim was subsequently settled, and thereupon a dispute arose between p'aintiff and her attorney as to whether he was entitled to the second $500. She paid him $250 at the commencement of the action, and, after the claim had been settled, sent him a check for $250 more, in a letter of which the following is a copy:

"Hunt Point, October 16, 1905.

"I enclose herewith my check for two hundred and fifty ($250.00) dollars in full payment for your services in the action of Dunn v. Whalen. Kindly send or let me know when and where I can obtain the papers which you have in your possession belonging to me, and oblige.     Marie T. Dunn."

On the 18th of October the respondent acknowledged receipt of the letter and check, in a letter in which he stated it was not in full payment and would not be accepted by him as such; that he would retain the check for a week, and, if he did not hear from her in the meantime, should take it for granted that she assented to the facts set out in his letter, in which event he would accept the check as a payment on account, and that would leave a balance of $500 due him. The plaintiff did not reply to this letter, because shortly after receiving it she learned that it was written after the attorney had had the check certified by the trust company upon which it was drawn.

That there was a genuine dispute between the parties as to the amount of the attorney's claim cannot well be denied. The respondent insisted, under the contract of employment, that he was entitled to $750, while the plaintiff insisted that he was only entitled to $250.

It is of no importance which party was right (Goodrich v. Sanderson, 35 App. Div. 546, 55 N. Y. Supp. 881), or whether the dispute arose over what the contract of employment was, or the construction of it. Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102; affirmed, 178 N. Y. 562, 70 N. E. 1101. When, therefore, the plaintiff. sent to the attorney her check for the amount which she claimed she owed "in full payment" of his claim, he either had to accept it upon the condition in which it was sent or return it. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695. He could not keep it and impose other conditions. There was, therefore, no obligation resting upon the plaintiff to reply to his letter stating that he would retain the check for a week, and, if he did not hear from her in the meantime, would apply it upon account, which he asserts he subsequently did, on the theory that she, by not replying to his letter, agreed to his statement of facts. But he did not retain it for a week, because at the time he wrote the letter he had in fact used the check by having it certified. The certification of the check operated as a payment of it between him and the plaintiff. The certification of a check at the instance of the owner and holder operates to discharge the drawer from liability and to render the bank liable to the owner and holder. Meuer v. Phenix National Bank, 94 App. Div. 331, 88 N. Y. Supp. 83, affirmed 183 N. Y. 511, 76 N. E. 1100. The use of the check, therefore, by the respondent, was ipso facto an acceptance of the condition imposed by the plaintiff when she sent it to him. The minds of the parties then met, so as to constitute an accord and satisfaction, and, as was said in Fuller v. Kemp, supra:

"The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference from the transaction."

There is no dispute about the letter which the plaintiff wrote when she inclosed the check, and the respondent himself testified before the referee that he had the check certified before he answered that letter, and for that reason I see no necessity for sending the matter to another referee.

The order appealed from should be reversed, with $10 costs and disbursements, the motion to confirm the referee's report denied, with $10 costs, the referee discharged, and the respondent directed to turn over to the plaintiff whatever papers he has in his possession belonging to her. All concur.