(61 Misc. Rep. 235.)

RAVENSWOOD PAPER MILL CO. v. DIX.

(Supreme Court, Appellate Term. December 24, 1908.)

1. ACCORD AND SATISFACTION (§ 10*)—PART PAYMENT.

A creditor who accepts a sum tendered as full payment of an account after the debtor has deducted the amount of a disputed unliquidated claim cannot sue on the account, and it is of no importance which of the parties was right, or what the agreements between them actually were.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 67; Dec. Dig. § 10.*]

2. ACCORD AND SATISFACTION (§ 10*)—PART PAYMENT.

The fact that the sum paid by a debtor in full settlement of an account is only what he concedes to be due on the account after deducting the amount of a disputed unliquidated claim will not prevent the creditor's acceptance of such payment from operating as a bar to a suit on the account.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 67; Dec. Dig. § 10.*]

3. ACCORD AND SATISFACTION (§ 10*)—PART PAYMENT.

The defendant sent the plaintiff a check plainly marked, "No receipt necessary. This voucher is in settlement of the following," and underneath these words was a statement of the account between the parties, in which defendant charged himself with a certain sum for goods sold at agreed prices, from which he deducted a certain amount for rebates upon his purchases and for damages for plaintiff's breach of the contract of sale. Defendant's claim for rebates and for damages was made in good faith, and had been the subject of dispute. *Held*, that defendant's tender of the check in full payment amounted to a proposal to liquidate the disputed claim for damages, and the plaintiff could not retain the payment which included such liquidation and then upset the settlement of which it formed a part by suing on the account.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 67; Dec. Dig. § 10.*]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the Ravenswood Paper Mill Company against Bertha Dix. From a judgment for plaintiff for less than his demand, it appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Griggs, Baldwin & Pierce (Martin Conboy, of counsel), for appellant.

Alexander Karlin (Julius E. Rosenthal, of counsel), for respondent.

GIEGERICH, J. The action is to recover a balance claimed to be due upon the sale and delivery of various lots of box board at an agreed price. It was admitted by both sides that on July 18, 1907, sales and deliveries aggregating $561.51 gross had been made and had not been paid for. On that date the defendant sent the plaintiff a check for the sum of $233.61. On the margin of that check the following words were plainly printed:

"No receipt necessary. This voucher is settlement of the following."

Underneath these words there appeared the following statement of the account:

| Date | | Claims | Disc't. | Am'nt. |
|---|---|---|---|---|
| 6 | 1 | 115.65 | | |
| | 1 | 16. | | |
| | 1 | 80.34 | | |
| | 1 | 52.86 | | |
| | 12 | 89.66 | | |
| | 18 | 197.60 | | |
| | 26 | 9.40 | | |
| | | 561.51 | | |
| | 3% | | 16.84 | |
| | 5% lining | 22. | 5.16 | |
| | | 539.51 | | |
| | Rebate | 105.90 | | |
| | | 433.61 | | |
| Dif. on 50 ton | | 200 | | 233.61 |

This check was received and retained by the plaintiff. There was a further delivery amounting to $30.11 which was not included in the foregoing statement, and for which only judgment was rendered for the plaintiff.

The defendant claims that the receipt and acceptance of the check was a bar to the recovery of the balance of the account; and, as I am of the opinion that, assuming the defendant's evidence to have been credited, it was so, it will only be necessary to discuss that question. It sufficiently appeared from the testimony of the defendant's witness that prior to the sending of the check in question rebates upon the defendant's purchases had been regularly allowed to her, and that, when the check was sent, she claimed to be entitled to rebates amounting to $105.90, the sum deducted in that statement, and that this claim had been the subject of some dispute between the parties. It further appeared that the defendant claimed to have made a purchase of 50 tons of box board in addition to that actually delivered, and that, upon the plaintiff's refusal to deliver, she had purchased this quantity in the open market at a price $200 in excess of the agreed price. Prior to the sending of the check in question, this mat-

ter also had been the subject of dispute between the parties, and it was this transaction which was the basis of the deduction of the $200 in the statement annexed to the check.   Under these circumstances I do not think the plaintiff could accept the payment tendered and afterwards reopen the matters which the payment was intended to close.   Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Williams v. Bienenzucht, 104 N. Y. Supp. 438; Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588.   It is of no importance which of the parties was in the right or what the agreements between them actually were.   Goodrich v. Sanderson, 35 App. Div. 546, 55 N. Y. Supp. 881; Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102, affirmed 178 N. Y. 562, 70 N. E. 1101; Dunn v. Whalen, supra.   There was sufficient evidence to sustain the trial court in finding that the defendant's claims were made in good faith and were disputed, and the claim, so far at least as the alleged breach of the contract of sale is concerned, was unliquidated.   Nor do we think it is an objection that the defendant paid only the sum which she conceded to be due.   Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102, affirmed 178 N. Y. 562, 70 N. E. 1101.   As already shown, the claim, so far as it arose from the alleged breach of the executory contract of sale, was unliquidated.   The defendant's tender of the payment in question amounted to a proposal to liquidate it, and the plaintiff could not retain the payment which included such a liquidation, and then upset the settlement of which it formed a part. In this respect the cases of Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61, and Windmuller v. Goodyear Tire & Rubber Co., 123 App. Div. 424, 107 N. Y. Supp. 1095, are distinguishable.

As the plaintiff was bound to return the check if it wished to dispute the conditions upon which it was offered, the judgment should be affirmed, with costs.   All concur.