### COHEN et al. v. LEVINE.

(Supreme Court, Appellate Term. February 5, 1909.)

1. ESTOPPEL (§ 87*)—REPRESENTATIONS.

Where plaintiffs and defendant employed an agent to sell goods for them on their separate accounts, each party to pay a portion of the agent's commissions, and, on the agent threatening suit for services, defendant told plaintiffs to charge him (defendant) with sales to a certain amount, whereupon plaintiffs, relying on the statement, settled with the agent on that basis, defendant was estopped, in an action by plaintiffs to recover the amount of commissions paid by them in excess of their share, to claim that the agent sold less than the amount stated.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 230; Dec. Dig. § 87.*]

2. ACCORD AND SATISFACTION (§ 9*) — COMPROMISE AND SETTLEMENT (§ 6*) — PART PAYMENT — CHECK CONDITIONED ON ACCEPTANCE AS PAYMENT IN FULL.

If there was a dispute as to the amount due plaintiffs, the acceptance and use by them of a check to their order, reading "in full to date for all claims," constituted an accord and satisfaction, and that plaintiffs thereafter wrote defendant, acknowledging receipt of the amount of the check in part payment and requesting payment of the balance claimed by them, was immaterial.

[Ed. Note.—For other cases, see Accord and Satisfaction, Dec. Dig. § 9;* Compromise and Settlement, Cent. Dig. § 36; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Cohen and another against David Levine. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Bernard H. Arnold, for appellant.
Morris Meyers, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILDERSLEEVE, P. J. This action was tried before the court with a jury, and from a judgment, entered on the verdict of the jury in plaintiffs' favor, defendant appeals.

Prior to August, 1905, plaintiffs, Cohen & Casner, were partners in the business of manufacturing trousers, and defendant, Levine, was in partnership with one Cedar in the business of manufacturing clothing. The plaintiffs and the defendant, Levine, contemplated joining together in a copartnership, to take effect on October 1, 1905. With this idea in view they entered into an agreement with one Katz to employ him for one year as a salesman, and pay him a certain weekly salary and commissions on the gross amount of sales effected by him, and to advance him traveling expenses and a certain amount weekly on account of commissions, the rest of which commissions was to be paid at the end of the month. Subsequently this idea of a partnership was abandoned, but plaintiffs and defendant agreed that Katz should sell for them just the same, except that such sales would be for their separate, instead of joint, account, and it was further agreed that plaintiffs should pay Katz the weekly salary and expenses and commissions, and that at the end of the month defendant should pay half of such sum to the plaintiffs; but plaintiffs claim, further, that it was also agreed that at the end of the year a statement should be made up of the amount of merchandise sold by Katz for the plaintiffs and for the defendant, respectively, and that they should readjust the commissions according to the respective amounts sold, and the party who got the most sales through Katz should repay to the other the amount which the other had overpaid under the monthly settlements. Plaintiffs further claim that the total amount of goods sold by Katz for plaintiffs, under the contract with Katz, which expired on November 1, 1906, was $7,491.08, and that plaintiffs were informed by defendant that the amount sold by Katz for defendant was $12,000, and plaintiffs demand $435.45 from defendant, for which sum, with interest, the jury found a verdict in favor of plaintiffs. The defendant denies in his answer that the sales for him were $12,000, and denies that the agreement was that the party who got most sales should repay the other, as claimed by plaintiffs, and defendant alleges that it was agreed that the percentage was to be borne equally between them.

So far as the amount of goods sold by Katz for defendant is concerned, it appears, as alleged by plaintiffs and found by the jury, that Katz was threatening suit against plaintiffs and defendant, and that in order to dispose of the matter, so that a final settlement could be made with Katz, plaintiffs and defendant had a conference in which the latter told the former to charge him with sales to the amount of $12,000, and plaintiffs, relying and acting upon this statement, made the final settlement with Katz and paid him the balance due. This state of facts constitutes an estoppel upon defendant to pretend at the trial that Katz sold less than $12,000.

The counsel for the appellant claims that, accepting plaintiffs' evidence as to the agreement between the parties, and as to the amounts paid by defendant and by plaintiffs, and as to all disputed facts, as correct, and taking plaintiffs' estimate of the proportionate shares

which the respective parties were to pay as accurate, there has, nevertheless, been a serious error in mathematical calculation, and that plaintiffs could claim justly no more than the sum of about $260, whereas the jury allowed them, as we have seen, $435.45, together with interest thereon, while the total judgment is $502.43, damages, interest, and costs. It is true that a jury should be guided by the evidence, and not guess at the amount which a party, in whose favor they decide, is entitled to receive, or arrive at that amount by errors in arithmetical calculation, or accept an erroneous calculation as correct, without regard to the evidence. Were defendant's contention in regard to the alleged miscalculation correct, the appellate court could, of course, modify the judgment in this respect, by reducing the amount thereof; but we find that at the end of plaintiffs' case their counsel stated, "I compute the interest at $30.48, making our total claim $465.93," to which defendant's counsel replied, "No dispute as to the calculation." Furthermore, plaintiffs give statements, apparently prepared with care, showing how they arrived at the amount claimed, which calculation the jury was at liberty to accept, as there is no apparent error so far as arithmetical calculation is concerned.

There is a defense of an accord and satisfaction, set up in the answer, as amended at the trial, which defendant claims has been established, and requires a reversal of the judgment. If the evidence clearly indicates that a dispute existed between the parties on January 4, 1907, and for some time prior thereto, as to what amount the defendant was to pay to the plaintiffs; this defense is well founded. On that day the defendant gave his check to plaintiffs, worded as follows:

"No. 1,900.                                    New York, 1/4, 1907.

"The East River National Bank: Pay to the order of Cohen & Casner, Eighty-Seven and $12/100$ Dollars, in full till date for all claims.

"87.12/100.                                    Levine & Cedar."

The wording of the check was equivalent to offering it upon condition that it should be received in full payment, and gave to the plaintiffs the option of returning the check and suing on their claim, or accepting the check on the terms offered. The plaintiffs accepted the check and collected the money thereon, and in so doing effected an accord and satisfaction between the parties; for the plaintiffs could only accept the check, and collect the money thereon, as such check was offered, which was in satisfaction of their demand. Plaintiffs could not accept the benefit and reject the condition; for, if they accepted the check at all, it was accepted, as we have stated, on the condition attached to the offer, and the use of the check was in itself an acceptance of the condition. Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588; Williams v. Bienenzucht, 54 Misc. Rep. 209, 104 N. Y. Supp. 438, and cases there cited.

On January 9, 1907, the plaintiffs wrote to defendant the following letter, viz.:

"We acknowledge herewith receipt of $87.12, part payment advanced for you in account of G. Katz. As it was understood between your Mr. Levine [defendant] and ourselves that he is to pay his proportion of all business that he got more than we did, and as we understand that you got over $12,000, and

we got $6,461, which makes a difference of over $5,000, we, therefore, ask you to make good to us for the difference."

This letter, however, which was written after plaintiffs had accepted the check and secured the proceeds of the same, could not alter the legal situation, if we proceed on the assumption that there was a genuine dispute prior to the sending of the check, as above stated.   It is of no importance which party was right as to the amount due, for, as we have seen, by the acceptance of the check the assent of the plaintiffs to the terms or conditions imposed by the defendant will be implied, and no subsequent words of protest, negation, or exception can affect the legal quality of the act, nor enable plaintiffs to impose their conditions or alter those of defendant.· Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61.

Plaintiffs seek to show that this payment of $87.12 was merely one of the monthly payments that defendant made to plaintiffs, under the contract, as one-half of the disbursements for the month made by plaintiffs on account of the salary, expenses, and commissions of Katz, and defendant himself admits that at the time he paid the check there was no dispute between the parties, and that the check was paid on a statement sent to defendant for the amount due on the monthly settlements, although he does claim that this was all he was called upon to pay by the agreement between the parties; i. e., one-half of the monthly disbursements made by plaintiffs for Katz.   The question of the repayments claimed by plaintiffs from defendant, based upon the alleged excess of sales procured by Katz for defendant, does not appear at that time to be in dispute, although it is true, as we have seen, that defendant's check particularly states that it was given in full payment for all claims to date.   According to plaintiffs' theory the word "all" prefixed to the word "claims" must be taken to include only plaintiffs' claim, then existing, for the repayment of sums advanced by plaintiffs to Katz monthly, and not the claim in suit.   The plaintiffs' claim that the check was given only in payment of the monthly account, confronted by defendant's claim on the trial that it was given in full payment of all claims, including the one in suit, raised a question of fact, which the court submitted to the jury, who found for plaintiffs.   But, as we have said, had the evidence clearly shown a dispute between the parties as to this claim in suit, existing at the time the check was given, the acceptance of the check, given in full payment of all claims, would have constituted, as a matter of law, an accord and satisfaction, and it would have been error of the court to deny defendant's motion for the direction of a verdict on such ground of accord and satisfaction.   The evidence, however, will not support this contention, and the questions in issue were properly submitted to the jury, with whose finding we shall not interfere.

Judgment affirmed, with costs.   All concur.