## McKENTY v. OCEANUS MFG. CO.

### (Supreme Court, Appellate Term.    June 10, 1910.)

ACCORD AND SATISFACTION (§ 9*)—COMPROMISE AND SETTLEMENT (§ 6*)—PART PAYMENT OF CLAIM.

Where one making a claim for damages for breach of warranty, which was disputed, accepted a check on which was written "in full settlement of all claims," it constituted an accord and satisfaction, and the fact that the claim was subsequently disputed was immaterial.

[Ed. Note.—For other cases, see Accord and Satisfaction, Dec. Dig. § 9;* Compromise and Settlement, Cent. Dig. § 36; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Selina E. McKenty against the Oceanus Manufacturing Company.    Judgment for plaintiff, and defendant appeals.    Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Louis B. Brodsky, for appellant.

Solomon S. Schwartz, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. This appeal is from a judgment of the Municipal Court, entered upon a verdict in favor of the plaintiff. The action is for breach of warranty of goods sold and delivered. Defendant pleads accord and satisfaction. Plaintiff purchased certain raincoats from the defendant in the months of July and August, 1907, which were shipped to her customers in Chicago, Ill., by the defendant. Part of the shipment was returned on account of alleged defects in quality; plaintiff at that time making a claim against the defendant for damages for breach of warranty. The claim was disputed, and on October 31st the defendant wrote to the plaintiff, inclosing its check, upon the face of which was written the words "in full settlement of all claims." The plaintiff does not deny receiving the letter. The indorsement on the check shows it was deposited to her credit, and that she received the proceeds thereof. She subsequently disputed the claim, and told the defendant that she would not accept it in full settlement.

In Cohen v. Levine, 114 N. Y. Supp. 843, Mr. Justice Gildersleeve, writing for the court, said:

"This letter, however, which was written after the plaintiffs had accepted the check and secured the proceeds of the same, could not alter the legal situation, if we proceed on the assumption that there was a genuine dispute prior to the sending of the check, as above stated. It is of no importance which party was right as to the amount due; for, as we have seen, by the acceptance of the check the assent of the plaintiffs to the terms or conditions imposed by the defendant will be implied, and no subsequent words of protest, negation, or exception can affect the legal quality of the act, nor enable plaintiffs to impose their conditions or alter those of defendant. Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61."

The rule there laid down is conclusive of this case.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.