## WATERBURY CO. v. MARYLAND CASUALTY CO.

(Supreme Court, Appellate Term. April 9, 1912.)

COMPROMISE AND SETTLEMENT (§ 16*)—ACCORD AND SATISFACTION (§ 11*)— WHAT CONSTITUTES—PAYMENT OF INSURANCE POLICY.

Insured's retention and collection of a draft, forwarded to him by a casualty company with a statement that it was in full payment of its obligations under an employer's liability insurance policy, constituted an accord and satisfaction, preventing insured from recovering further under the policy.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 54–65; Dec. Dig. § 16;* Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Waterbury Company against the Maryland Casualty Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

James J. Mahoney, for appellant.

Marsh & Wever (Charles Capron Marsh, of counsel), for respondent.

GUY, J. This action is brought to recover under a policy of insurance whereby the defendant agreed to indemnify the plaintiff against loss from liability imposed by law upon the assured for damages on account of bodily injuries accidentally suffered by an employé of the assured while upon the premises occupied by the assured in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conduct of its business.  The insurance company's liability is limited by the policy to $5,000.

An accident occurred to one of plaintiff's employés, who brought suit against the plaintiff, and a judgment was entered against the plaintiff on October 31, 1910, for $5,234.41, which included costs and interest, together with an extra allowance of $100.   An appeal was taken to the Appellate Division of the Supreme Court, and the judgment was modified, by striking out the extra allowance, and, as so modified, affirmed.   On the affirmance of the judgment, the defendant herein was notified by plaintiff, and payment of the amount of the judgment demanded.   Defendant replied that the policy in terms only bound the defendant to indemnify plaintiff against a loss, and that plaintiff must pay the judgment before any obligation accrued as against the defendant.   Subsequently the plaintiff served upon defendant a satisfaction of judgment, and demanded payment in full of the amount of the judgment as affirmed.   The defendant then, by letter dated July 31, 1911, replied, inclosing a draft for $5,134.23, stating:

"This covers the limit of our policy, $5,000, court costs, $134.41, and interest on $5,000 from July 8th.   In your letter you ask reimbursement for the amount of the interest upon the original judgment.   A casual reference to the policy will show you that there is no obligation upon us in this connection."

A receipt was also attached to the draft, which read as follows:

"Received of Maryland Casualty Company fifty-one hundred and thirty-four and 23/100 dollars to reimburse for amount paid judgment, interest, and costs in the case of A. Collins, injured 12/23/09."

On July 19, 1911, the receipt of this draft was acknowledged in a letter which declared that the amount was not the limit of the liability and demanded reimbursement for the amount of the interest upon the original judgment.   This interest defendant refused to pay, and plaintiff retained and collected the draft.   Plaintiff now sues to recover such interest covering the period pending appeal from the judgment at trial term.

The defendant appellant contends that the policy did not provide for the payment of interest on the verdict as part of the indemnity. It is unnecessary, however, to consider this point.   The retention by plaintiff and subsequent collection of the draft forwarded to him by the defendant, with a statement that it was sent by defendant in full payment of its obligations under the policy, constituted an accord and satisfaction, which operates as a bar to plaintiff's further recovery.   See Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695.

The judgment must therefore be reversed, and the complaint dismissed, with costs to appellant in this court and in the court below. All concur.