gued, the ordinary witness cannot locate the position of his heart, or tell whether the pain was in his heart or in his stomach, the defendant could by cross-examination have learned whether the witness possessed such knowledge, and, if he did not, his evidence in that respect would have been of little value.

[2] It is contended, also, that counsel for the plaintiff did not include in his hypothetical questions to his expert medical witnesses the fact that a physician's examination of plaintiff, two hours after the accident, disclosed that he then had an enlarged heart. Such omission did not render the hypothetical questions incompetent or improper. Cole v. Fall Brook Coal Co., 159 N. Y. 59, 53 N. E. 670.

The verdict is supported by the evidence, and the judgment and order must be affirmed, with costs. All concur.

---

### BARRON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   May 1, 1912.)

1. EVIDENCE (§ 441*)—CONTRACTS—PAROL EVIDENCE.
   Where a contract was in writing, evidence of preliminary conversations merged therein is inadmissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047;  Dec. Dig. § 441.*]

2. PRINCIPAL AND AGENT (§ 155*)—AUTHORITY OF AGENT.
   A modification of an existing contract made by an agent without even apparent authority is not binding on the principal.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 574–582;  Dec. Dig. § 155.*]

3. SALES (§ 179*)—CONTRACTS—CONSTRUCTION.
   Where a seller contracted to deliver to the buyer 400 brushes within 14 days of the date of the contract, and thereafter at the rate of 100 brushes per day, in case of default, the price per brush to be reduced to a specified amount, and made defaults in deliveries, the buyer who, without protest, accepted deliveries, did not thereby waive the right to claim that the default operated to reduce the price to the specified amount.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 456–468;  Dec. Dig. § 179.*]

4. ACCORD AND SATISFACTION (§ 11*)—ACTS CONSTITUTING.
   A buyer sent a letter stating his claims based on delays of the seller, who showed by witnesses that he did not receive the letter.  A voucher check was sent by the buyer to the seller for the exact balance shown due by the letter, and stating on its face that it was "in full of the above amount," and that it was in payment of a bill rendered, the net amount of which was stated as the sum paid.  The seller drew the money on the check with knowledge that it was tendered in full settlement and acknowledged receipt of it and inclosed a statement showing a balance due. *Held*, that the seller accepted the check in full settlement, establishing an accord and satisfaction.
   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82;  Dec. Dig. § 11.*]

Appeal from Trial Term, Kings County.

Action by William H. Barron, surviving partner of James S. Barron & Co., against the Brooklyn Heights Railroad Company.   From a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

James W. Carpenter, of Brooklyn, for appellant.

John M. Coleman and Walter L. Post, both of New York City, for respondent.

THOMAS, J. Plaintiff has recovered a balance found due for brushes delivered by his firm to the defendant under a contract in writing in the form of a proposal by defendant on November 12th and an acceptance by plaintiff's firm on November 17, 1903.

[1, 2] The court erroneously allowed evidence of preliminary conversations merged in the contract, and evidence of modification of the contract by conversations between the vendors or their agent, and one Gove, a person in defendant's employment, unauthorized to contract for it. Gove was in defendant's mechanical department, and dissociated from any business relation to defendant that gave him apparent authority.

[3] The contract required delivery of 400 brushes within 14 days of the date of the proposal and completion of the order, at the rate of 100 brushes per day thereafter, and, in case of default, it was stipulated that the price per brush should be reduced from 98½ cents to the amount of the lowest bidder, which was 70 cents, of which penalty the vendor had been specifically advised. This evidence of modification of the contract affected the question of due performance. The defendant pleads failure to make timely delivery, and the evidence conclusively showed nonperformance in that regard. The proposal is dated November 12, 1903, and the vendors began delivery on November 24th. It was their duty to deliver 400 brushes within 14 days from November 12th, so that the last day to deliver fell on November 26th. But by that date it had delivered but 56. If the deliveries were due within 14 days from the time of acceptance—that is, November 17, 1903—the time expired December 1st, when the deliveries were only 254. Nor were as many as 400 brushes delivered earlied than December 5th, nor were 100 brushes delivered on any one day until December 14th, but from and including that date more than 100 brushes per day were delivered. This is the plaintiff's evidence, and, in view of it, his contention that he was retarded by defendant's insistence upon premature deliveries does not admit of serious discussion. There was no occasion for protest on defendant's part, nor was there waiver by acceptance. The failure to deliver according to contract of itself reduced the price per brush from 98½ cents to 70 cents. The number delivered was 2,500 less 102, or 2,398, which, at 70 cents per brush, would be $1,678.60, and admittedly there has been paid $1,665.29. The defendant's contention that 19 brushes were not delivered was a question for the jury. Aside from such contention, the amount due could be only $13.31 and some interest.

[4] Was there accord and satisfaction? The defendant claimed by letter on January 27, 1904, that, on account of delayed delivery, the

price became 70 cents; that the 19 brushes had not been received; that this letter was written after the vendors were advised of the claim of shortage and alleged failure to make deliveries. The plaintiff gave evidence through Mr. Barron and Mr. Copeland that they did not receive the letter, but that does not show that it was not received by the vendors. It was received in evidence as a letter by consent and was proved to have been sent. In this state of the contention, a voucher check was sent to and used by the plaintiff for the exact balance shown due by the letter of January 27th, and it stated that it was received "in full of the above account," and it appeared on its face that it was in payment of a bill rendered, the net amount of which was stated as the sum paid. The bill rendered was for 2,500 brushes at 98½ cents, and Van Cott, defendant's purchasing agent, wrote them correcting the bill in the letter of January 27th. The vendors drew the money on March 25th, knowing full well that it was tendered in full settlement, and later under date of April 1st acknowledged receipt of it and inclosed a statement showing a balance due. I consider that the vendors accepted the check tendered in settlement of the controverted account.

The judgment and order should be reversed, and a new trial ordered, costs to abide the event. All concur.