### LONDON v. SCHNEIDER et al.

(Supreme Court, Appellate Term, First Department.   October 23, 1912.)

JUDGMENT (§ 145*)—DEFAULT—VACATION.

> Vacation of a default is error where it appears that the default was deliberate, and that the defense relied upon is palpably unavailable as a matter of law.
>
> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292–295; Dec. Dig. § 145.*]

Appeal from City Court of New York, Special Term.

Action by Daniel London against Ignatz Schneider and another. From an order opening defendants' default, plaintiff appeals. Reversed, and motion denied.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Joseph Gans, of New York City, for appellant.
Nathan Greenbaum, of New York City, for respondents.

BIJUR, J. The respondents were sureties on an undertaking on appeal. After the appeal had been dismissed, and after repeated demands for payment on the respondents, appellant brought suit for some $500 due on the undertaking. Thereafter respondents, by their

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

attorneys, paid plaintiff's attorneys $200. This they now claim to have been in full. In passing, it may be remarked that one of their then attorneys presents an affidavit denying that fact.

Subsequently, after further demands for payment of the balance of the amount due, plaintiff entered judgment for the full amount upon which they have acknowledged the $200 due. Not only does the default opened by this order appear to have been deliberate and intentional, but the defense sought to be introduced upon the opening is palpably unavailable as matter of law under the circumstances disclosed by the moving papers. See Nassoiy v. Tomlinson, 148 N. Y. 330, 42 N. E. 715, 51 Am. St. Rep. 695; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61.

Order reversed, with $10 costs and disbursements, motion denied, with $10 costs, and judgment reinstated. All concur.