### NATIONAL ART CO. v. ELLERY et al.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

ACCORD AND SATISFACTION (§ 9*)—ACTS CONSTITUTING.

> Where a claim was liquidated, the acceptance by the creditor of a check for a less amount in full was not an accord and satisfaction, and did not defeat an action by the creditor for the balance due.

> [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 88–91; Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the National Art Company against Joseph E. Ellery and another. From a judgment of the Municipal Court for defendants, plaintiff appeals. Reversed, and judgment granted to plaintiff, with costs.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Wilber, Norman & Kahn, of New York City (Louis L. Kahn, of New York City, of counsel), for appellant.

J. Edward Murphy, of New York City (James S. McDonogh, of New York City, of counsel), for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

BIJUR, J. Plaintiff sued to recover $29.25, balance due for 450 hand-colored placards. It appears that defendants ordered from plaintiff a certain number of placards, known as "two large heads, size 9¼ by 20," at six cents each. Thereafter the plaintiff wrote defendants:

"Referring to the order for goods which you desire, we regret we cannot get the two large heads of 9¼ by 20, such as you want. Mr. Taylor has tried a great many of his customers, and none of them have any more left. The only suggestion we can make is to furnish these to you handcolored at 12½ cents."

On the following day the defendants wrote:

"Replying to yours of the 14th inst. [the letter above referred to], * * * in reference to the two large heads 9¼x20, we desire to have you furnish them with the rest of the order about July 1st, and kindly date your bill 90 days, same as the other calendar houses."

When the plaintiff presented its statement, the defendants changed the item of 12½ cents to 6 cents, deducting the amount in suit, and sent a check for the balance. Upon this check appear the words "in full of a/c."

On conflicting evidence the court below found that these words were on the check at the time it was sent to the plaintiff. However, that is not material. By the exchange of letters above set forth, defendants agreed to take the 9¼ by 20 placards at the rate of 12½ cents, and therefore the claim between the parties was liquidated, and there was then no dispute, so that, even though the check contained the words "in full of a/c," the same did not constitute an accord and satisfaction. See Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61.

The judgment must be reversed, and judgment granted to plaintiff, with costs in the court below and of this appeal. All concur.