(95 Misc. Rep. 250)

### DOBBS v. PRUDDEN-WINSLOW CO.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

ACCORD AND SATISFACTION ⊙═══11(3)—COMPROMISE AND SETTLEMENT ⊙═══5(2)—
PART PAYMENT BY CHECK—DISPUTE.

Plaintiff delivered brick on defendant's order, which were to conform to sample, but which proved to be unsatisfactory, and was notified by defendant that the expense of an adjustment would be deducted from the amount of his bill, and received defendant's check deducting such expense, and replied that he would accept the check only on account, and, though defendant stated that the check was tendered in full settlement and requested plaintiff, if he did not accept it, to return it, did not return it, but deposited it and used the proceeds. *Held*, that there was a dispute between the parties, and that the sending of the check in full settlement and the use of the proceeds completed an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 78; Dec. Dig. ⊙═══11(3); Compromise and Settlement, Cent. Dig. §§ 12, 13; Dec. Dig. ⊙═══5(2).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel B. Dobbs against the Prudden-Winslow Company. From a judgment rendered in favor of the plaintiff, and from an order denying defendant's motion for a new trial, in a case tried by the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Zabriskie, Murray, Sage & Kerr, of New York City (Charles L. Cole, of New York City, of counsel), for appellant.

Albert Woodruff Gray, of New York City (James P. Callender, of New York City, of counsel), for respondent.

COHALAN, J. On December 3, 1914, the defendant ordered bricks from the plaintiff to be used in Greenwich, Conn. These bricks were

---

⊙═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to conform to sample. When the bricks were delivered they proved to be unsatisfactory. At a conference held thereafter by the representatives of the parties to the action there was a discussion as to whether or not the bricks should be culled, and that the expenses therefor and other expenses incidental to the proper adjustment of the mistake should be borne by the plaintiff, all with the approval of the architect of the building in process of construction.

It is clear that some expenses were incurred, and that there was a dispute in regard to the shipment. After the matter had been finally closed, and the plaintiff had requested payment for the order of December 3, 1914, which was shipped on April 16, 1915, the defendant wrote a letter to the plaintiff inclosing a check for $152.09. This letter stated that the check was in full settlement, after deducting $80.41, the expenses of the adjustment. The plaintiff answered that he would accept the check only on account. Whereupon the defendant replied that the check was tendered in full settlement, and, if the plaintiff did not see fit to accept the same, to return it. The plaintiff did not return the check, but, on the contrary, deposited the same and used the proceeds.

There was manifestly a bona fide dispute as to the amount to which the plaintiff would be entitled upon the delivery of the bricks to fill the order of December 3, 1914. The defendant notified the plaintiff that the expenses of the adjustment would be deducted from the amount of the plaintiff's bill, and the fact that it had so notified the plaintiff shows that the full value of the bricks when delivered was not to be paid by it. The situation, therefore, contained the elements of a dispute within the meaning of the rules governing an accord and satisfaction. Barron v. Brooklyn Heights R. R. Co., 150 App. Div. 845, 135 N. Y. Supp. 323; Ravenswood Paper Mill Co. v. Dix, 61 Misc. Rep. 235, 113 N. Y. Supp. 721; Waterbury Co. v. Maryland Casualty Co., 134 N. Y. Supp. 565. We are of opinion that the sending of the check in full settlement and the use of the proceeds thereof by the plaintiff completed an accord and satisfaction. It is immaterial whether or not the creditor sent a receipt on account, or contends that he did not accept the check in full payment of the claim.

Judgment is reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.